IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOAB ANTHONY SWAYZE                                                                                    PLAINTIFF

v.                                         Civil No.  6:23-cv-06024

JAIL ADMINISTRATOR FRED PHILLIPS;                                                      DEFENDANTS
and SHERIFF SCOTT FINKBEINER

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Joab A. Swayze, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at the Hot Spring County Detention Center (HSCDC).  He proceeds *pro se* and *in forma pauperis* (IFP).

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I.  DISCUSSION

Plaintiff was incarcerated in the HSCDC when he filed his Complaint.  (ECF No. 2).  The Complaint was originally filed in the Eastern District of Arkansas.  *Id.*  On March 3, 2023, the case was transferred to this district.  (ECF No. 1).  Because Plaintiff left portions of his IFP application blank, he was directed to file a new application.  (ECF No. 5).

When his new IFP application was granted, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address.  (ECF No. 7).  If Plaintiff was transferred or released, he was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release.

1

Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On July 24, 2023, Defendants filed a Motion for Summary Judgment on the issue of exhaustion. (ECF No. 15). That same day, an Order was entered requiring Plaintiff to file his response by August 14, 2023. (ECF No. 18). On July 31, 2023, the Court received returned mail with the notations "return to sender" and "unable to forward." No forwarding address was provided. The mail that was returned was the Court Order requiring Plaintiff to respond to the Summary Judgment Motion. (ECF No. 18). On August 7, 2023, Defendants filed a notice stating that they too had mailed Plaintiff a letter but received a notice that it was undeliverable.

Plaintiff had thirty days, or until August 30, 2023, to advise the Court of his new address. To date, Plaintiff has not provided a new address or contacted the Court in anyway. The last document filed by Plaintiff in this case was his March 14, 2023, IFP application. (ECF No. 6).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Plaintiff failed to comply with the Court Order directing him to provide a new address and failed to prosecute this case.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE